

ORIGINAL

**Craig A. Crispin,** OSB № 82485
crispin@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, OR 97221-1455
Telephone: 503.293.5770
Telefax: 503.293.5766
    Of Attorneys for Plaintiff

FILED'10 JUN 16 1435USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

KATIE J. WILLIAMS,

    Plaintiff,

    v.

ODWALLA, INC., a foreign business
corporation,

    Defendant.

Case No CV '10 - 691 BR

**COMPLAINT**

(Pregnancy/Sex Discrimination; Medical
Leave Failure to Reinstate; Wrongful
Discharge)

**JURY TRIAL REQUESTED**

### NATURE OF THE ACTION

1.    This is an action under Title VII of the Civil Rights Act of 1964 as amended by

the Civil Rights Act of 1991, and Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), to

correct unlawful employment practices, to vindicate plaintiff's rights and the rights of other

female employees to work in environments free from pregnancy and sex discrimination, and to

make plaintiff whole.  Defendant engaged in discriminatory conduct based on plaintiff's

pregnancy and sex by refusing her leave and by terminating her employment.  Plaintiff also

seeks injunctive relief and asserts claims under ORS 659A.029, .030, and .183, as well as under

the common law of the State of Oregon.

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6585
Telephone: 503.293.5770

#34061

## JURISDICTION AND VENUE

2.    This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

3.    The court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state actions are so related to the federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

4.    The employment practices alleged herein were committed in the District of Oregon.

## PARTIES

5.    Plaintiff **KATIE J. WILLIAMS** is an individual female resident and citizen of Oregon.

6.    At material times relevant herein defendant **ODWALLA INC.** was and is an employer within the meaning of 42 U.S.C. § 2000e(b) and ORS 659A.001(4).

## PROCEDURAL REQUIREMENTS

7.    Plaintiff filed charges of unlawful employment practices with the Oregon Bureau of Labor and Industries, Civil Rights Division ("CRD"), and complaints with the Equal Employment Opportunity Commission ("EEOC").

8.    All administrative prerequisites to the filing of the state statutory claims contained herein have been timely satisfied. Her remaining claims are filed timely within any applicable statute of limitations.

## FACTUAL ALLEGATIONS

9.    Plaintiff was employed by defendant as a Merchandiser commencing on or about

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6585
Telephone: 503.293.5770

October 1, 2007. Plaintiff was hired by defendant Odwalla's District Sales Manager, Marshall

Morrison and was under Morrison's direction and control in the means by which she performed

her duties. Morrison undertook to, and did, communicate plaintiff's employment status and

changes in such status to Albany Services, which accepted plaintiff's communications through

Morrison.

10.     At material times relevant herein Albany Services, Inc., was and is a professional

employer organization, which as defendant Odwalla's agent administered defendant Odwalla's

payroll and published policies relating to plaintiff's employment with Odwalla.

11.     Defendant Odwalla and Albany Services were plaintiff's joint employers.

12.     Plaintiff became pregnant, and in February 2009 informed her Odwalla manager,

Morrison, of her pregnancy and intent to take pregnancy and maternity leave. Morrison

instructed plaintiff not to request leave directly from Albany Services, representing that he would

take care of any family medical request and/or reporting requirements.

13.     On April 19, 2009, plaintiff gave Morrison written notice of the commencement

of her pregnancy leave. Plaintiff did not separately notify Albany in reliance on Morrison's

instructions not to do so.

14.     Plaintiff worked through May 8, 2009 at which time she left work to commence

leave for the birth of her child.

15.     Plaintiff worked in excess of 1,000 hours in the 180 days preceding May 8, 2009,

during which time Morrison repeatedly and consistently advised plaintiff she was performing her

duties well.

16.     Albany Services, Inc. issued plaintiff's paychecks and issued policies Odwalla

adopted for plaintiff's employment, including policies purporting to guarantee reinstatement

following medical leave. Those policies incorrectly provided for medical (including pregnancy)

leave only after 12 months of employment and 1,250 hours of service, whereas under applicable

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6585
Telephone: 503.293.5770

Oregon law, plaintiff was entitled to medical/pregnancy leave after 180 days of employment and 1,000 hours of service.

17.    Prior to commencing leave, plaintiff discussed her prospective leave with Morrison, who upon information and belief hired a replacement for plaintiff's position. Upon plaintiff's departure for leave Morrison confiscated plaintiff's keys to the warehouse, purportedly "just in case you don't come back." In response, plaintiff made it clear she would be returning to work after her leave.

18.    On or about July 27, 2009, after eleven weeks of leave, plaintiff notified Morrison of her request to be reinstated. Morrison did not respond. Plaintiff continued to make demands for reinstatement, but on September 29, 2009, Morrison advised plaintiff that she would not be reinstated, claiming no positions were available. At the time, plaintiff's position continued to exist but was filled by another employee.

19.    Morrison suggested a different, inferior position requiring only 12 to 15 hours a week, might come open in the near future. Plaintiff responded with a further demand to return to her former position with comparable hours.

20.    Defendant has failed to reinstate plaintiff or otherwise return her to employment at any time since July 27, 2009 and as such plaintiff was terminated either on May 8, 2009, when Morrison took her keys, or on or before September 29, 2009, when defendant failed and refused plaintiff's reinstatement demands.

## FIRST CLAIM FOR RELIEF

### (Violations of 42 U.S.C. § 2000e-2(a) & ORS 659A.029, .030 – Pregnancy Discrimination)

21.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 20 as though fully set forth herein.

22.    Plaintiff's pregnancy was a substantial motivating factor in defendants' discrimination against plaintiff in their decision to refuse to reinstatement plaintiff to her former

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6585
Telephone: 503.293.5770

position and to terminate her employment.

23.    Defendant's discrimination against plaintiff in terminating her employment, due to plaintiff's pregnancy, was in violation of 42 U.S.C. § 2000e–2(a) and ORS 659A.029 and .030.

24.    Plaintiff is entitled to a declaration that defendant acted in violation of the statutory provisions set forth herein and to injunctive relief directing defendant to carry out and institute policies, practices and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the court may direct.

25.    As a result of the unlawful actions alleged herein, plaintiff has suffered economic damages.  Plaintiff is entitled to recover her lost wages and benefits of employment, past and future, and other economic losses, in such amount as may be found appropriate by a jury based upon the evidence presented at trial.

26.    Plaintiff is entitled to be reinstated to her position, or awarded an appropriate amount in lost future wages and lost earning capacity if reinstatement is not feasible.

27.    As a result of the unlawful actions alleged herein, plaintiff suffered and continues to suffer noneconomic injury, and plaintiff is entitled to noneconomic compensatory damages in such amount as may be found appropriate by a jury based upon the evidence presented at trial.

28.    Defendant's acts were done intentionally with an improper, abusive, discriminatory, and retaliatory motive, and with reckless indifference to plaintiff's statutory rights.  Such conduct should not be tolerated by this society, and punitive damages in an amount found appropriate by a jury should be assessed against defendant to punish defendant and deter defendant and others from such conduct in the future.

29.    Plaintiff is entitled to an award of reasonable attorney fees and costs, and expert witness fees incurred herein, pursuant to 42 U.S.C. § 1988(b), (c), ORS 659A.885 and/or

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6585
Telephone: 503.293.5770

ORS 20.107.

**SECOND CLAIM FOR RELIEF**

**(Interference in Medical Leave Rights – Violation of ORS 659A.183)**

30.      Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 and 29 as though fully set forth herein.

31.      Defendant Odwalla employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year in which plaintiff's medical leave was sought and/or taken or the year immediately preceding such leave, and was thereby an employer for purposes of ORS 659A.090(2).

32.      As joint employers, defendant Odwalla and Albany Services employed an aggregated 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year in which plaintiff's medical leave was sought and/or taken or the year immediately preceding such leave, and were thereby employers for purposes of ORS 659A.090(2).

33.      Plaintiff was qualified for and entitled to protected medical leave related to her pregnancy and childbirth.

34.      Defendant failed and refused to reinstate plaintiff to employment in violation of violation of ORS 659A.183.

35.      Defendant terminated plaintiff's employment in substantial part due to plaintiff's insistence on reinstatement to her former position of employment in pursuit of her statutory rights.

**THIRD CLAIM FOR RELIEF**

**(Wrongful Discharge )**

36.      Plaintiff incorporates by reference the allegations of paragraphs 1 through 6, 9 through 20, 25 through 27, 29, and 31 through 35 as though fully set forth herein.

Page 6 – COMPLAINT

37.    Plaintiff's termination, as set forth herein, was motivated in substantial part by her pursuit of rights related to her role as an employee, which rights are of important public interest, *i.e.,* her good faith insistence on reinstatement rights following medical leave and her opposition and resistance to defendant's failure and refusal to reinstate her following her taking medical leave, and in violation of a duty imposed upon defendant by an established public policy.

38.    Defendants' termination of plaintiff's employment was done with malice and in intentional violation of ORS 659A.183, with the knowledge that plaintiff was a vulnerable victim and in reckless and outrageous indifference to a highly unreasonable risk of harm, and with a conscious indifference to the health, safety and welfare of others, and punitive damages in an amount found appropriate by a jury should be assessed against defendant to punish defendant and deter defendant and others from such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1.    Assume jurisdiction over each of the causes set forth herein.

2.    If reinstatement is feasible, order plaintiff reinstated and grant a permanent injunction enjoining defendant, its owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with defendant, from engaging in any employment practice which discriminates on the basis of sex and/or pregnancy or in denial of medical leave reinstatement rights, on such terms as the court may direct.

3.    Order defendant to carry out and institute policies, practices and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the court may direct.

4.    Order defendant to make plaintiff whole by compensating her for past and future pecuniary losses, including expenses, lost past and future earnings and benefits of employment, lost earning capacity, and such other losses as are proved at trial on each of plaintiff's claims for

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6585
Telephone: 503.293.5770

relief.

5.      Order defendant to pay plaintiff an award of compensatory damages for noneconomic injury on plaintiff's first and third claims for relief.

6.      Assess against defendant to an award of punitive damages on plaintiff's first and third claims for relief.

7.      Award plaintiff her costs of suit and her reasonable attorney fees, costs and expert witness fees pursuant to 42 U.S.C. § 1988(b), (c); ORS 659A.885; and/or ORS 20.107.

8.      Order defendant to pay prejudgment and postjudgment interest, as appropriate, on all amounts due to plaintiff as a result of this action.

9.      Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

CRISPIN EMPLOYMENT LAWYERS

By:  _____

Craig A. Crispin, OSB No. 82485
Of Attorneys for Plaintiff

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6585
Telephone: 503.293.5770